UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KEMAL DERVISEVIC and ELMAZA DERVISEVIC, | ) ) ) | No. |
| Plaintiffs, | ) ) ) | |
| -against- | ) ) | |
| BUCKINGHAM TRADING PARTNERS INC., 1205-1215 FIRST AVE ANNEX LLC, and KAMRAN HAKIM, | ) ) ) ) | <u>COMPLAINT</u>  Plaintiffs Demand a Trial by Jury |
| Defendants. | ) ) ) | |

Plaintiffs KEMAL DERVISEVIC ("Mr. Dervisevic") and ELMAZA DERVISEVIC ("Mrs. Dervisevic") (collectively, "Plaintiffs'"), by and through their attorneys Levine & Blit, PLLC, complaining of defendants BUCKINGHAM TRADING PARTNERS INC. ("Buckingham"), 1205-1215 FIRST AVE ANNEX LLC (the "LLC"), and KAMRAN HAKIM ("Mr. Hakim") (collectively, "Defendants"), hereby alleges:

### NATURE OF THE ACTION

1. This civil action is brought to remedy unpaid minimum wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"); unpaid minimum wages in violation of the New York Labor Law ("NYLL"); and violations of the Wage Theft Prevention Act ("WTPA") sections 195(1) and 195(3) of the NYLL.

2. Plaintiffs seek declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including unpaid wages; an award of liquidated damages under the FLSA and Labor Law; statutory damages pursuant to the WTPA; prejudgment interest; Plaintiffs' reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

1

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

**THE PARTIES**

5. Mr. Dervisevic is a citizen of the State of New York, County of New York.

6. Mrs. Dervisevic is a citizen of the State of New York, County of New York.

7. Buckingham is a domestic for-profit corporation duly organized and existing in the State of the New York with its principal place of business located at 3 West 57th Street, 7th Floor, New York, New York 10019.

8. Upon information and belief, Buckingham is a property management company that managed the properties located at 1205-1215 First Avenue, New York, New York.

9. Mr. Hakim is the Chief Executive Officer of Buckingham.

10. The LLC is a domestic limited liability company organized and existing in the State of New York with its principal place of business located at 3 West 57th Street, 7th Floor, New York, New York 10019.

11. The LLC owns the premises known as and by the street number 1205-1215 First Avenue, New York, New York.

12. Mr. Hakim is the Manager of the LLC.

13. Defendants own, operate, and manage residential real estate in New York County in the State of New York.

14. At all times relevant to this action, Mr. Hakim had operational control of Buckingham and the LLC.

15. At all times relevant to this action, Mr. Hakim had financial control of Buckingham and the LLC.

16. At all times relevant to this Complaint, Defendants controlled the terms and conditions of Plaintiffs' employment, including but not limited to their duties, responsibilities, and compensation.

17. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

18. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

19. At all times relevant to this action, Plaintiffs were an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

20. At all times relevant to this action, Defendants were an "employer" of Plaintiffs within the meaning of applicable federal and state statutes and regulations.

21. Defendants were a joint employer and/or single integrated employer of Plaintiffs.

22. Mr. Hakim had the authority to hire and fire employees of Buckingham and the LLC.

23. Mr. Hakim had the authority to control the terms and conditions of employment for employees of Buckingham and the LLC.

24. Mr. Hakim had the authority to control the rate and method of compensation for employees of Buckingham and the LLC.

25. Upon Mr. Dervisevic's hiring, he met with Mr. Hakim concerning the terms and conditions of the position.

26. Thereafter, Ely Samuels ("Mr. Samuels"), who held the title of Property Manager for Defendants, operated as Plaintiffs' primary contact for Defendants.

27. In about the summer of 2022, Mr. Samuels passed away.

28. Thereafter, Mr. Hakim became Plaintiffs' primary contact for Defendants.

29. In the last few months of Plaintiffs' employment with Defendants, Mr. Hakim and Mr. Dervisevic communicated several times about Plaintiffs' performance and the possibility of a transfer of Plaintiffs to a different residential property.

## FACTUAL ALLEGATIONS

30. Plaintiffs have worked as the superintendent of several residential buildings owned and operated by Defendants for over two decades.

31. Specifically, Plaintiffs were superintendents of the residential buildings located at 1205 First Avenue, 1207 First Avenue, 1209 First Avenue, 1211 First Avenue, and 1215 First Avenue in Manhattan.

32. The residential building located at 1205 First Avenue has 16 residential units.

33. The residential building located at 1207 First Avenue has 16 residential units.

34. The residential building located at 1209 First Avenue had 16 residential units.

35. The residential building located at 1211 First Avenue had 16 residential units.

36. The residential building located at 1215 First Avenue had 12 residential units.

37. In or about 2021, the residential buildings located at 1209 First Avenue, 1211 First Avenue, and 1215 First Avenue were demolished.

38. During the relevant statutory period, Defendants failed to compensate Plaintiffs in compliance with the law resulting in significant financial losses to Plaintiffs.

39. During the relevant statutory period, Mr. Dervisevic worked approximately 25 hours per week as a superintendent for Defendants performing duties such as removing garbage and recycling, maintaining and repairing boilers, sweeping and mopping common areas, pest control, tenant relations – including Defendants' commercial tenants, resolving building violations, and general handyman duties and repairs.

40. During the relevant statutory period, Mr. Dervisevic performed his work for Defendants in the evenings and on weekends.

41. Signage within Defendants' residential buildings identified Mr. Dervisevic as the superintendent at all times relevant to this action.

42. In October 2018, Defendants directed Mr. Dervisevic to sign a document titled "Affidavit" wherein Mr. Dervisevic attested that he was the superintendent for the buildings located at 1205-1215 First Avenue, New York, New York, and affirmed that he cleaned each building once per week.

43. At all times during the statutory period, Mr. Dervisevic held a day job for a separate employer as a doorman.

44. The hours for Mr. Dervisevic's doorman position were 7:00 a.m. to 3:00 p.m., Monday through Friday.

45. While Mr. Dervisevic was working his day job as a doorman for a separate employer, Mrs. Dervisevic was engaged to wait by Defendants to allow inspectors, utility company employees, and others authorized by Defendants into the buildings, and respond to any situations requiring an immediate response.

5

46. As such, Mrs. Dervisevic worked 7:00 a.m. to 3:00 p.m., Monday through Friday for Defendants during the statutory period.

47. Defendants and their tenants would call Plaintiffs at all hours of the day and night to resolve issues in the buildings.

48. The residential buildings maintained by Plaintiffs were pre-war buildings that had constant issues with their boilers, maintaining building security, and trespassers.

49. As such, both Mr. Dervisevic and Mrs. Dervisevic were providing valuable services and labor to Defendants.

50. Defendants were aware that Mr. Dervisevic and Mrs. Dervisevic were performing work for Defendants.

51. Despite Defendants' knowledge that both Mr. Dervisevic and Mrs. Dervisevic were performing work for Defendants, Defendants compensated only Mrs. Dervisevic for her work.

52. During the relevant statutory period, Defendants compensated Mrs. Dervisevic as follows: (a) in 2017, $460.00 per month; (b) in 2018, $460.00 per month; (c) in 2019, $460.00 per month; (d) in 2020, $440.00 per month; (e) in 2021, $230.00 per month; and (f) in 2022, $230.00 per month.

53. During the relevant statutory period, Buckingham issued IRS Form W-2s to Mrs. Dervisevic.

54. During the relevant statutory period, Defendants did not pay Mr. Dervisevic any compensation for his work.

55. During the relevant statutory period, Defendants did not issue IRS Form W-2s to Mr. Dervisevic.

56. Plaintiff's employment with Defendants was terminated effective October 31, 2022.

57. Defendants did not provide Plaintiffs with the proper notices or wage statements required by Sections 195(1) and 195(3) of the WTPA.

58. Defendants did not maintain contemporaneous time records for the work performed by Plaintiffs.

59. Defendants did not maintain the records for Plaintiffs in compliance with the Minimum Wage Order for the Building Services Industry, 12 NYCRR § 141-2.1.

60. Defendants were aware or should have been aware that their pay practices were in violation of the FLSA and NYLL, but continued to willfully engage in these unlawful pay practices.

61. As a result, Plaintiffs have suffered substantial economic losses resulting from Defendants' failure to pay minimum wages.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Minimum Wages in Violation of the FLSA)**

62. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 61, as if fully set forth herein.

63. Defendants were the employer of Plaintiffs within the meaning of the FLSA.

64. Mr. Dervisevic was a non-exempt employee of Defendants pursuant to the FLSA.

65. Mrs. Dervisevic were a non-exempt employee of Defendants pursuant to the FLSA.

66. Plaintiffs performed worked on behalf of Defendants, and which was known by Defendants, as described above, but Defendants failed to pay Plaintiffs the minimum hourly rate prescribed by the FLSA.

67. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and they did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

68. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered economic damages in the form of unpaid or underpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid or underpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Minimum Wages in Violation of the NYLL)

69. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 68, as if fully set forth herein.

70. Defendants were the employer of Plaintiffs within the meaning of the NYLL.

71. Mr. Dervisevic was a non-exempt employee of Defendants pursuant to the NYLL.

72. Mrs. Dervisevic was a non-exempt employee of Defendants pursuant to the NYLL.

73. Plaintiffs performed worked on behalf of Defendants, and which was known by Defendants, as described above, but Defendants failed to pay Plaintiffs the minimum hourly rate prescribed by the NYLL.

74. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and they did not make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

75. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered economic damages in the form of unpaid or underpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid or underpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the NYLL.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Violations of NYLL § 195(1))

76. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 75, as if fully set forth herein.

77. Defendants failed to furnish to Plaintiffs the information in writing as required NYLL § 195(1) at the time of their hiring or any time thereafter.

78. Defendants failed to furnish to Plaintiffs the information required NYLL § 195(1) at the time of their changes in compensation or any time thereafter.

79. Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover statutory damages not to exceed $5,000.00 plus attorney's fees and costs of this action.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Violation of NYLL § 195(3))

80. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 79, as if fully set forth herein.

81. Defendants failed to furnish Plaintiffs with each payment of wages a statement that complies with statutory requirements under NYLL § 195(3).

82. Due to Defendants' violation of NYLL § 195(3), Plaintiffs are entitled to recover statutory damages from Defendants not to exceed $5,000.00 plus attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter a judgment against Defendants containing the following relief:

    a)    An order declaring Defendants has violated the provisions of the FLSA and NYLL;

9

b)  An order enjoining Defendants from engaging in the unlawful activities alleged above;

c)  An order awarding monetary damages to Plaintiffs in recognition of their economic losses caused by Defendants non-payment or underpayment of minimum wages;

d)  An order awarding liquidated damages to Plaintiffs under both the FLSA and the NYLL in an amount equal to the total amount of unpaid or underpaid minimum wages;

e)  An order awarding statutory damages to Plaintiffs pursuant to the WTPA;

f)  An award of prejudgment interest on the unpaid or underpaid wages owed to Plaintiffs pursuant to the NYLL;

g)  An award of Plaintiffs' reasonable attorneys' fees pursuant to the FLSA and the NYLL;

h)  An award of the Plaintiffs' costs of this action; and

i)  Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.


Dated: January 31, 2023
New York, NY

LEVINE & BLIT, PLLC


Justin S. Clark (JC7795)
*Attorneys for Plaintiffs*
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000
jclark@levineblit.com

10