UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEMAL DERVISEVIC and ELMAZA DERVISEVIC,<br><br>                                Plaintiffs,<br><br>                    -v.-<br><br>BUCKINGHAM TRADING PARTNERS INC., 1205-1215 FIRST AVE ANNEX LLC, AND KAMRAN HAKIM,<br><br>                                Defendants. | 23 Civ. 787 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On April 3, 2023, Defendants filed a pre-motion letter regarding their anticipated motion to dismiss Plaintiffs' state law claims in this action. (Dkt. #14). Because the parties were actively engaged in the Court's mediation program at that time, the Court issued an endorsement instructing Plaintiffs that they did not need to reply to the letter until mediation was completed. (Dkt. #15). On April 25, 2023, the Court was notified that mediation had failed (Dkt. #16), and ordered a response from Plaintiffs on April 26, 2023 (Dkt. #17). On May 1, 2023, Plaintiffs voluntarily dismissed their state law claims and simultaneously refiled those claims in the New York Supreme Court, New York County. (Dkt. #18, 20-1).

On May 18, 2023, Defendants filed a second pre-motion letter regarding their intention to move to stay the instant case pending the outcome of the state case or, in the alternative, move to dismiss the action in part. (Dkt. #20). Plaintiffs filed a letter in opposition on May 23, 2023 (Dkt. #21), and the Court held a pre-motion conference on May 31, 2023 (May 31, 2023 Minute Entry).

"The decision as to whether to stay a federal action on the ground that there is a related action pending in a state court is committed to the sound discretion of the district court." *United States* v. *Pikna*, 880 F.2d 1578, 1582 (2d Cir. 1989). In determining whether or not to grant such a stay, the Court considers the following factors: "([i]) whether the controversy involved a *res* over which one of the courts has assumed jurisdiction, ([ii]) whether one forum is more inconvenient than the other for the parties, ([iii]) whether staying the federal action will avoid piecemeal litigation, ([iv]) whether one action is significantly more advanced than the other, ([v]) whether federal or state law provides the rule of decision, and ([vi]) whether the federal plaintiff's rights will be protected in the state proceeding." *Id.*

The Court agrees with Defendants that a stay will help avoid piecemeal litigation, especially where additional litigation of the state law claims will be required due to (i) the longer statute of limitations which subsumes the FLSA claim period; and (ii) claims asserted that do not have a federal analogue. Moreover, neither claim is more advanced than the other, and greater relief is possible in the state action. Accordingly, and because the Court finds that Plaintiffs' FLSA claims are duplicative of their state law claims pending in state court, the Court hereby STAYS this case pending the outcome of the state case.

The Clerk of Court is directed to stay this case pending further order of the Court. The parties are directed to advise the Court promptly of significant events in the state court proceeding.

SO ORDERED.

Dated: June 5, 2023
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

Case 1:23-cv-00787-KPF   Document 23   Filed 06/05/23   Page 3 of 3